UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MAYRA GARCIA, CIPRIANO RODRIGUEZ, SONIA REYES, and ANTONIO MACIEL | § § § § | CIVIL ACTION NO. 7:11-cv-00306 |
| **Plaintiffs** | § § | |
| VS. | § § | |
| HOSPITALITY INNS OF NEVADA d/b/a AMERICA'S BEST VALUE INN; HARI OAM, LLC; NARAYAN OAM, LLC; KEVIN PATEL; and SALLY PATEL | § § § § § § | **Jury Demanded** |
| **Defendants** | § | |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

MAY IT PLEASE THE COURT:

Plaintiffs Sonia Reyes, Mayra Garcia, Cipriano Rodriguez, and Antonio Maciel bring this cause of action against Defendants Hospitality Inns of Nevada d/b/a America's Best Value Inn; Hari Oam, LLC; Narayan Oam, LLC; Kevin Patel; and Sally Patel (hereinafter "America's Best Value Inn"). Plaintiffs respectfully show that Defendants failed to properly pay them wages in violation of federal and state law. Plaintiff Sonia Reyes also respectfully shows that Defendants violated her rights as a consumer and debtor in violation of federal and state law.

*Plaintiffs' Second Amended Complaint*                                Page 1 of 17

## STATEMENT OF CLAIM

1.     Plaintiffs bring this action for money damages against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. or in the alternative, the Texas Minimum Wage Act ("TMWA"), Tex. Labor Code §62.001, and breach of contract.

2.     Plaintiff Sonia Reyes also brings this action for money damages against Defendants for violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C §1590; and violations of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001, et seq.; and Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code § 17.50(h), et seq.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C §1590.

4.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' Texas Minimum Wage Act ("TMWA") and breach of contract claims because they are closely related to the FLSA claims within the Court's original jurisdiction. These state law claims relate to the failure to pay adequate wages and thus form part of the same case or controversy under Article 3 of the U.S. Constitution.

5.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff Sonia Reyes's Texas statutory consumer claims because they are closely related to

the TVPRA claims within the Court's original jurisdiction. These state law claims relate to the questionable debt calculation and collection practices of Defendant and thus form part of the same case or controversy under Article 3 of the U.S. Constitution.

6.     Venue is proper in this Court pursuant to 28 U.S.C. 1391(b), as the events complained of occurred in relation to work performed at a hotel located in the City of Weslaco, Hidalgo County.

## PARTIES

7.     Plaintiff Sonia Reyes ("Ms. Reyes") is an individual residing in Hidalgo County, Texas.

8.     Plaintiff Mayra Garcia ("Ms. Garcia") is an individual residing in Hidalgo County, Texas.

9.     Plaintiff Cipriano Rodriguez ("Mr. Rodriguez") is an individual residing in Hidalgo County, Texas.

10.     Plaintiff Antonio Maciel ("Mr. Maciel") is an individual residing in Willacy County, Texas.

11.     Defendant Hospitality Inns of Nevada d/b/a America's Best Value Inn is a foreign for-profit corporation, incorporated in the State of Nevada, which is authorized to do business in Texas. Its resident agent for the state of Texas is Jitendra Bhakta, who can be served with process at 820 South I-35 E, Denton, Texas 76205.

12.     Defendant Hari Oam, LLC, is a domestic limited liability company, incorporated in the State of Texas. Its registered agent is Kaushik Patel, who can be served with process at 450 South Expressway 77/83, Raymondville, Texas 78580.

13.     Defendant Narayan Oam, LLC, is a domestic limited liability company, incorporated in the State of Texas. Its registered agent is Kaushik Patel, who can be served with process at 450 South Expressway 77/83, Raymondville, Texas 78580.

14.     Kevin Patel ("Mr. Patel") is an individual who is a manager of the America's Best Value Inn in Weslaco, Texas. Mr. Patel can be served with process at 450 South Expressway 77/83, Raymondville, Texas 78580.

15.     Sally Patel ("Ms. Patel") is an individual who is a manager of the America's Best Value Inn in Weslaco, Texas. Ms. Patel can be served with process at 450 South Expressway 77/83, Raymondville, Texas 78580.

## FACTUAL ALLEGATIONS

16.     During Plaintiffs' employment, Kevin Patel was a manager for the America's Best Value Inn in Weslaco. His duties included the hiring and firing of employees.

17.     During Plaintiffs' employment, Sally Patel was a manager for the America's Best Value Inn in Weslaco and she was in charge of supervising individuals who performed cleaning at the Weslaco hotel. Ms. Patel's duties also included hiring.

18.     During Plaintiffs' employment, a woman named Jessica, last name unknown to Plaintiffs, was an employee of Defendants. She was in charge of the front desk. As part of her duties, she entered into agreements to lease rooms to clients on behalf of Defendants. She accepted payment from clients on behalf of Defendants. Jessica's duties also included hiring.

19.     During Plaintiffs' employment, Mr. Patel, Ms. Patel, and Jessica collected and received payments for debts owed to Defendants.

20.     Defendants' employees, including Mr. Patel, Ms. Patel, and Jessica hired, supervised, and paid Plaintiffs in cash for the purpose of obtaining cheap labor that benefited Defendants' hotel in Weslaco, Texas.

## I.     PLAINTIFF CIPRIANO RODRIGUEZ

21.     On or about August 2010, Defendants hired Plaintiff Cipriano Rodriguez to perform maintenance work at the America's Best Value Inn hotel in Weslaco, Texas.

22.     Plaintiff Cipriano Rodriguez performed various tasks for Defendants, including sorting dirty laundry and sweeping the lobby floor.

23.     Defendants initially paid Plaintiff Cipriano Rodriguez on an hourly basis, but after a time paid him on a weekly basis.

24.     Defendants promised Plaintiff Cipriano Rodriguez a salary commensurate to the federal minimum wage.

25.     Defendants failed to pay Plaintiff Cipriano Rodriguez a salary commensurate to the federal minimum wage.

26.     Plaintiff Cipriano Rodriguez regularly worked more than 40 hours a week for Defendants.

27.     Defendants failed to pay Plaintiff Cipriano Rodriguez time and a half for each hour worked over forty in a given workweek.

28.     Defendants failed to provide Plaintiff Cipriano Rodriguez with weekly earnings statements that included his hours worked.

29.     Plaintiff Cipriano Rodriguez ceased working for Defendants on or about December 2010.

30.     Plaintiff Cipriano Rodriguez attaches his factual verification at <u>Exhibit 1</u>.

## II.     <u>PLAINTIFF MAYRA GARCIA</u>

31.     In 2007, Defendants hired Plaintiff Mayra Garcia to perform cleaning services at the America's Best Value Inn hotel in Weslaco, Texas.

32.     Plaintiff Mayra Garcia performed various tasks for Defendants, including the vacuuming of carpets in hotel rooms.

33.     Defendants paid Plaintiff Mayra Garcia on a per-room basis.

34.     Defendants promised Plaintiff Mayra Garcia a salary commensurate to the federal minimum wage.

35.     Defendants failed to pay Plaintiff Mayra Garcia a salary commensurate to the federal minimum wage.

36.     Plaintiff Mayra Garcia regularly worked more than 40 hours a week for Defendants.

37.     Defendants failed to pay Plaintiff Mayra Garcia time and a half for each hour worked over forty in a given workweek.

38.     Defendants failed to provide Plaintiff Mayra Garcia with weekly earnings statements that included her hours worked.

39.     Plaintiff Mayra Garcia ceased working for Defendants on or about December 2010.

40.     Plaintiff Mayra Garica attaches her factual verification as <u>Exhibit 2</u>.

III.    PLAINTIFF SONIA REYES

41.     On or about August 2010, Defendants hired Plaintiff Sonia Reyes to perform cleaning services at the America's Best Value Inn hotel in Weslaco, Texas.

42.     Plaintiff Sonia Reyes performed various tasks for Defendants, including the vacuuming of carpets in hotel rooms.

43.     Defendants, including Kevin Patel and Sally Patel, entered into a lodging agreement with Ms. Reyes and her family for the purpose of obtaining cheap labor that benefitted the America's Best Value Inn in Weslaco, Texas.

44.     Defendants paid Plaintiff Sonia Reyes on a per-room basis.

45.     Defendants failed to provide Ms. Reyes with weekly earnings statements that included her hours worked.

46.     At the onset of Ms. Reyes' working agreement, Defendants did not tell Ms. Reyes how much she was going to earn. Nevertheless, Ms. Reyes cleaned various hotel rooms for Defendants. After a month, Defendants threatened to withhold all payment of wages if Ms. Reyes did not sign handwritten documents written in English which she did not understand. Defendant told Ms. Reyes that she had to accept payment on a per-room basis.

47.     During this time, Ms. Reyes and her family stayed at the Amercia's Best Value Inn in Weslaco, Texas. Defendants deducted her rent for the room from her pay. Ms. Reyes did not initially agree to have her rent deducted from her pay, but Defendants required her to accept this deduction or threatened that Ms. Reyes would not receive any payment for her services already rendered.

48.     Defendants' employees told Ms. Reyes that she and her family could not leave the hotel room because they had acquired too much debt.

49.     Defendants' employees told Ms. Reyes that if she and her family left the hotel room, then Defendants' employees would call the police and falsely accuse her of theft. Defendants' employees misrepresented to Ms. Reyes that she would be arrested if she and her family left the hotel room.

50.     Defendants' employees also misrepresented to Ms. Reyes that the government would take away her children if she left without working to pay off her debt.

51.     Defendants' employees kept a key to the hotel room where Ms. Reyes and her family stayed.

52.     Defendants' employees regularly called Ms. Reyes's cell phone to keep track of her location.

53.     On various occasions, Ms. Reyes pleaded with Defendants' employees to reveal the exact amount of her debt so that she could try to pay it off and leave. Defendants' employees would typically refuse to reveal the amount of the debt.

54.     The malicious actions and threats made by Defendants' employees caused Ms. Reyes to suffer from insomnia and almost daily panic attacks.

55.     The malicious actions and threats made by Defendants' employees also caused Ms. Reyes to suffer nightmares and strained her relationships with her husband and her children.

56.     After escaping from the hotel, Defendants' employees contacted a non-profit that assisted Ms. Reyes and demanded that the non-profit pay her alleged debt.

57.     Plaintiff Sonia Reyes attaches her verification of the factual allegations contained in this complaint as Exhibit 3.

## IV. PLAINTIFF ANTONIO MACIEL

58.     In December 2007, Plaintiff Antonio Maciel began to work for Defendants.

59.     Mr. Maciel worked from December 2007 until February 2010. Mr. Maciel also worked for Defendants from February 2011 until May 2011. Mr. Maciel also worked for Defendants from August 2011 until January 2012.

60.     Mr. Maciel performed various services for Defendants, such housekeeping, making reservations, and addressing customer complaints.

61.     Defendants promised Plaintiff Antonio Maciel a salary commensurate to the federal minimum wage.

62.     Defendants failed to pay Plaintiff Antonio Maciel a salary commensurate to the federal minimum wage.

63.     Plaintiff Antonio Maciel regularly worked more than 40 hours a week for Defendants.

64.     Defendants failed to pay Plaintiff Antonio Maciel time and a half for each hour worked over forty in a given workweek.

65.     Defendants failed to provide Plaintiff Antonio Maciel with weekly earnings statements that included his hours worked.

66.     Plaintiff Antonio Maciel attaches his verification of the factual allegations contained in this complaint as Exhibit 4.

## CAUSES OF ACTION

### I. <u>Violation of the Fair Labor Standards Act ("FLSA")</u>

67.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

68.     Defendants Hari Oam, LLC, and Narayan Oam, LLC, together are an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA. 29 U.S.C. § 206(a). These Defendants together meet the statutory definition of an "enterprise" under the FLSA because they perform "related activities" through "unified operation or common control," "for a common business purpose." 29 U.S.C. § 203(r).

69.     At all times relevant to this action, Defendants Hari Oam, LLC, and Narayan Oam, LLC, were employers of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d), 29 U.S.C. § 203(e) and 29 U.S.C. § 203(g).

70.     At all times relevant to this action, Kevin Patel and Sally Patel were employers of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d), 29 U.S.C. § 203(e) and 29 U.S.C. § 203(g).

71.     As employees of Defendants, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203.

72.     Defendants failed to maintain complete and accurate records of the hours that Plaintiffs worked.

73.     Defendants did not pay Plaintiffs for all of their work.

74.     Plaintiffs regularly worked more than forty hours per week.

75.     Defendants did not pay Plaintiffs time and a half for each hour that Plaintiffs worked over forty in a given workweek.

76.     Defendants did not provide weekly earnings statements to Plaintiffs that included each hour worked.

77.     Defendants made deductions from Plaintiff Sonia Reyes' pay without consent.

78.     Defendants made illegal deductions from Plaintiffs' weekly pay.

79.     The above-described actions of Defendants violated Plaintiffs' rights under the Fair Labor Standards Act for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 216(b).

80.     Defendants' failure to pay Plaintiffs as specified above was willful.

## II. Violation of the Texas Minimum Wage Act ("TMWA")

81.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

82.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the Texas Minimum Wage Act, Texas Labor Code § 62.0012(6).

83.     During Plaintiffs' employment, Defendants failed to pay Plaintiffs the state-mandated minimum wage for each hour that Plaintiffs worked.

84.     Defendants made illegal deductions from Plaintiffs' weekly pay.

85.     The above-described actions of Defendants violated the Plaintiffs' rights under the Texas Minimum Wage Act for which Plaintiffs are entitled to relief pursuant to Tex. Lab. Code §62.201.

86.    Defendants' failure to pay Plaintiffs as specified above was willful.

### III. <u>Breach of Contract</u>

87.    Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

88.    In performing the work, Plaintiffs provided valuable services to Defendants.

89.    Defendants accepted Plaintiffs' services under such circumstances that Defendants reasonably knew that Plaintiffs expected to be paid for their services.

90.    Defendants had agreed to fully pay Plaintiffs the prevailing minimum wage for their work.

91.    Defendants failed to fully pay Plaintiffs the prevailing minimum wage for their work.

92.    Alternatively, if there was no contract covering Plaintiffs' work, Plaintiffs are entitled to damages pursuant to the common-law doctrines of *quantum meruit* and unjust enrichment.

### IV. <u>Violation of the Trafficking Victim Protection Reauthorization Act ("TVPRA")</u>

93.    Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

94.    Defendants knowingly misled Ms. Reyes as to the nature of her debt in order to compel her continued labor, in violation of the 19 U.S.C. § 1590 prohibition of peonage.

95.    Defendants' common scheme of forced labor and peonage was wanton and malicious.

96.     The above described actions of Defendants violated Ms. Reyes's rights under the Trafficking Victim Protection Reauthorization Act, for which Ms. Reyes is entitled to relief under 18 U.S.C. § 1595. The above described actions of Defendants caused harm to Ms. Reyes.

## V. Violation of the Texas Debt Collection Act ("TDCA")

97.     Plaintiffs incorporate each of the forgoing paragraphs as if fully set forth herein.

98.     Ms. Reyes leased lodging from Defendants and was a consumer under Tex. Fin. Code Ann. § 392.001(1). As a result of the lodging, Ms. Reyes acquired a consumer debt as per Tex. Fin. Code Ann. § 392.001(2).

99.     Defendants engaged in debt collection and were debt collectors under Tex. Fin. Code Ann. § 392.001(6).

100.    Defendants intentionally threatened to falsely accuse Ms. Reyes of a crime, in violation of Tex. Fin. Code Ann. § 392.301(a)(2).

101.    Defendants intentionally threatened Ms. Reyes that she would be arrested promptly for nonpayment of her debt but made no mention of court proceedings, in violation of Tex. Fin. Code Ann. § 392.301(a)(5).

102.    Defendants intentionally threatened to file a complaint against Ms. Reyes even though she had not violated any criminal law, in violation of Tex. Fin. Code Ann. § 392.301(a)(6).

103.    Defendants intentionally made misrepresentations as to the amount of Ms. Reyes's debt, in violation of Tex. Fin. Code Ann. § 392.304(a)(8).

104.    The above-described actions of Defendants violated Ms. Reyes's rights under the Texas Debt Collection Act for which Ms. Reyes is entitled to relief pursuant to Tex. Fin. Code Ann. § 392.403.   The above-described actions of Defendants caused harm to Ms. Reyes.

## VI. Violation of the Texas Deceptive Trade Practices Act ("DTPA")

105.    Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

106.    Ms. Reyes leased lodging from Defendants and was a consumer under Tex. Bus. & Com. Code § 17.45(4).

107.    Defendants Hari Oam, LLC, and Narayan Oam, LLC, are corporations which can be sued under the DTPA. Tex. Bus. & Com. Code § 17.45(3). Defendants Kevin Patel and Sally Patel are individuals who can be sued under the DTPA. Tex. Bus. & Com. Code § 17.45(3). The deceptive acts of the Defendants were connected with Ms. Reyes's leasing of lodging from Defendants and the alleged resulting debt.

108.    Defendants engaged in false, misleading, and deceptive acts that Ms. Reyes relied on to her detriment and that violated a "tie-in" consumer statute. Tex. Bus. & Com. Code § 17.50(h). Ms. Reyes specifically incorporates the aforementioned violations of the Texas Debt Collection Act as per Tex. Fin. Code Ann. § 392.404(a).

109.    Defendants made false, misleading, and deceptive representations to Ms. Reyes about the remedies and obligations of her lease agreement and alleged debt, in violation of Tex. Bus. & Com. Code § 17.46(b)(12). Ms. Reyes relied on these representations to her detriment.

110.    The aforementioned violations committed by Defendants were "intentional" within the meaning of Tex. Bus. & Com. Code § 17.50(b)(1).

## DAMAGES

111.    Plaintiffs seek compensation for all underpaid wages during their period of employment and an equal amount in liquidated damages. 29 U.S.C. § 216(b); Texas Labor Code § 62.201.

112.    Plaintiffs seek any unpaid or underpaid contract wages or damages in the amount for the reasonable value of Plaintiffs' work as per *quantum meruit*. *Infra-Pak (Dallas), Inc. v. Carlson Stapler & Shippers Supply, Inc.*, 803 F.2d 862, 866 (5th Cir. 1986) (citing *Wood v. Tex. Farmers Ins. Co.*, 593 S.W.2d 777, 781 (Tex. Civ. App.—Corpus Christi 1979, no writ)).

113.    Plaintiff Sonia Reyes seeks punitive and actual damages against the Defendants for their violations of the TVPRA. 18 U.S.C. § 1595.

114.    Plaintiff Sonia Reyes seeks actual damages against the Defendants for their deceptive debt collection practices. Tex. Bus. & Com. Code § 17.50(h); Tex. Fin. Code Ann. § 392.403(a)(2).

115.    Plaintiff Sonia Reyes has suffered mental anguish as a result of Defendants' intentional acts and seeks compensatory damages for this anguish. Tex. Bus. & Com. Code § 17.50(h); Tex. Fin. Code Ann. § 392.403(a)(2). Plaintiff Sonia Reyes seeks a treble award for these damages based on Defendants' intentional conduct. Tex. Bus. & Com. Code § 17.50(b)(1).

## ATTORNEY'S FEES

116.     Plaintiffs seek attorney fees as a result of violations of the TVPRA, 18 U.S.C. § 1595, the FLSA, 29 U.S.C. § 216(b), the TMWA, Texas Labor Code § 62.205, the TDCA, Tex. Fin. Code Ann. § 392.403(b), and the DTPA, Tex. Bus. & Comm. Code § 17.50(d). Plaintiffs also seek attorney fees in connection with their breach of contract and *quantum meruit* claims. Tex. Civ. Prac. & Rem. Code § 38.001.

## JURY DEMAND

117.     Plaintiffs request that this case be decided by a jury.

## PRAYER

118. For these reasons, Plaintiffs asks for judgment against Defendants for the following:

(a) Their unpaid minimum wages and overtime, and an equal amount of liquidated damages;

(b) Their contract wages or, alternatively, for the value of their services;

(c) Actual damages to compensate Plaintiff Sonia Reyes for her pecuniary loss, mental anguish, loss of enjoyment of life, and other nonpecuniary losses that flowed from the scheme of peonage;

(d) Punitive damages for the wanton and malicious scheme of peonage;

(e) Actual damages to compensate Plaintiff Sonia Reyes for her pecuniary loss, mental anguish, loss of enjoyment of life, and other nonpecuniary losses that flowed from the Defendants' debt collection tactics;

(f) Treble damages for actual damages suffered by Plaintiff Sonia Reyes that flowed

from the Defendants' intentional debt collection tactics;

(g) A finding that Plaintiffs are the prevailing parties and an award of attorneys' fees

and costs of court;

(h) Pre- and post-judgment interest as provided by law, costs of court, and such other

and further relief to which Plaintiffs may justly be entitled.

DATED: February 7, 2012

Respectfully Submitted,

<u>  /s/  **Elliott Tucker**</u>

Elliott Thomas Tucker
Federal Bar No. 1074776
State Bar No. 24075183
Corinna Spencer-Scheurich
Federal Bar No. 619913
State Bar No. 24048814
Wayne Krause
Federal Bar No. 31053
State Bar No. 24032644
Jim Harrington
Federal Bar No. 4025
State Bar No. 09048500
**South Texas Civil Rights Project**
1017 W. Hackberry
Alamo, TX  78516
(956) 787-8171 phone
(956) 787-6348 fax
ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| SONIA REYES, MAYRA GARCIA, and CIPRIANO RODRIGUEZ | § § § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. |
| VS. | § § | |
| HOSPITALITY INNS OF NEVADA d/b/a AMERICA'S BEST VALUE INN | § § § § | Jury Demanded |
| Defendant | § § § | |

STATE OF TEXAS   §
HIDALGO COUNTY §

**Verifications**

I hereby certify that the factual statements in the attached complaint are true.

_Cipriano Rodriguez_
Cipriano Rodriguez

Subscribed and sworn to before me, the undersigned authority, by Cipriano Rodriguez,

on this ___ day of ___ July ___, 2011.

> JAIME ORTIZ
> NOTARY PUBLIC
> STATE OF TEXAS
> MY COMM. EXP. 05-23-2012

_Notary Public_

My Commission Expires: ___ 5·23·12 ___

**Certificate of Translation**

I hereby certify that I am fluent in the English and Spanish languages, and that the foregoing Complaint of Cipriano Rodriguez has been translated into Spanish by me, and that I have read the foregoing Complaint in Spanish to him who stated to me that he understood its contents and signed it.

_____
Translator

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION


PLAINTIFF'S
EXHIBIT
2

| | | |
|---|---|---|
| SONIA REYES, MAYRA GARCIA, and CIPRIANO RODRIGUEZ | § § § | |
| Plaintiffs | § § § | CIVIL ACTION NO. |
| VS. | § § § | |
| HOSPITALITY INNS OF NEVADA d/b/a AMERICA'S BEST VALUE INN | § § § § | Jury Demanded |
| Defendant | § § § | |

STATE OF TEXAS   §
HIDALGO COUNTY §

### Verifications

I hereby certify that the factual statements in the attached complaint are true.

_____
Mayra Garcia

Subscribed and sworn to before me, the undersigned authority, by Mayra Garcia, on this

28ᵗʰ day of ___July___, 2011.

_____
Notary Public                                    My Commission Expires: ___5-23-12___

JAIME ORTIZ
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 05-23-2012

### Certificate of Translation

I hereby certify that I am fluent in the English and Spanish languages, and that the foregoing Complaint of Mayra Garcia has been translated into Spanish by me, and that I have read the foregoing Complaint in Spanish to her who stated to me that she understood its contents and signed it.

_____
Translator

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION



PLAINTIFF'S
EXHIBIT
3

| | | |
|---|---|---|
| SONIA REYES, MAYRA GARCIA, and CIPRIANO RODRIGUEZ | § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. |
| VS. | § § | |
| HOSPITALITY INNS OF NEVADA d/b/a AMERICA'S BEST VALUE INN | § § § § | Jury Demanded |
| Defendant | § § | |

STATE OF TEXAS   §
HIDALGO COUNTY §

### Verifications

I hereby certify that the factual statements in the attached complaint are true.

_____
Sonia Reyes

Subscribed and sworn to before me, the undersigned authority, by Sonia Reyes, on this

___ day of _____, 2011.

JAIME ORTIZ
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 05-23-2012

_____
Notary Public

My Commission Expires: 5-23-12

### Certificate of Translation

I hereby certify that I am fluent in the English and Spanish languages, and that the foregoing Complaint of Sonia Reyes has been translated into Spanish by me, and that I have read the foregoing Complaint in Spanish to her who stated to me that she understood its contents and signed it.

_____
Translator



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

SONIA REYES, MAYRA GARCIA,   §
CIPRIANO RODRIGUEZ, and   §
ANTONIO MACIEL   §
  §    **CIVIL ACTION NO.**
  §    **7:11-cv-00306**
       **Plaintiffs**   §
  §
VS.   §
  §
HOSPITALITY INNS OF NEVADA   §    **Jury Demanded**
d/b/a AMERICA'S BEST VALUE   §
INN; HARI OAM, LLC; NARAYAN   §
OAM, LLC; KEVIN PATEL: and   §
SALLY PATEL   §
  §
       **Defendants**   §

STATE OF TEXAS   §
HIDALGO COUNTY §

## Verifications

I hereby certify that the factual statements in the attached complaint are true.

_Antonio Maciel_
Antonio Maciel

Subscribed and sworn to before me, the undersigned authority, by Antonio Maciel, on

this _3rd_ day of _Feb_ , 2012.

_Moira Kenny_
Notary Public                  My Commission Expires: _____



MOIRA KENNY
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/5/2012